UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13538-RGS

58 SWANSEA MALL DRIVE, LLC

v.

GATOR SWANSEA PROPERTY, LLC

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

October 12, 2016

STEARNS, D.J.

Defendant Gator Swansea Property, LLC, seeks to dismiss supplemental allegations and claims brought by plaintiff 58 Swansea Drive, LLC, as part of its Third Amended Complaint, asserting that they improperly rely on communications protected by the Massachusetts litigation privilege. At issue are four letters sent by Gator Swansea in July and August of 2016 claiming 58 Swansea in default of its lease for: (1) failure to make certain repairs; (2) non-payment of rent stemming from 58 Swansea's refusal to pay attorney's fees incurred by Gator Swansea in defending this case; and (3) 58 Swansea's permitting a tenant to erect a pylon sign panel on the leased premises. 58 Swansea alleges that these claims of default are brought in bad faith as part of a concerted campaign to force it out of the lease, in violation

of Mass. Gen. Laws ch. 93A, § 11.  58 Swansea also seeks a declaration that its tenant has the right to erect the sign panel.[1]

In Massachusetts, "statements by a party, counsel or witness in the institution of, or during the course of, a judicial proceeding are absolutely privileged provided such statements relate to that proceeding." *Sriberg v. Raymond*, 370 Mass. 105, 108 (1976); *see also Giuffrida v. High Country Investor, Inc.*, 73 Mass. App. Ct. 225, 242 (2008).  The privilege also extends to statements "made preliminary to a proposed or contemplated judicial proceeding." *Fisher v. Lint*, 69 Mass. App. Ct. 360, 366 (2007).  The privilege is intended to protect persons from retaliatory tort actions based on their participation in the judicial process.  *See Correllas v. Viveiros*, 410 Mass. 314, 320 (1991); *Restatement (Second) of Torts* §§ 586-588.  Gator Swansea claims that the default letters fall within the privilege because they "relate to" this action (or are in contemplation of future litigation over the lease).  Consequently, 58 Swansea cannot assert them as a basis for liability.

---

[1] Gator Swansea styles its request as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), but the motion in part attacks supplemental allegations offered by 58 Swansea in support of its Chapter 93A claim.  To that extent, it is more properly understood as a motion to strike under Rule 12(f).  This point of procedure makes no difference to the outcome; Rule 12(f) motions are at times deployed to strike privileged matter from a complaint. *See Mansor v. JPMorgan Chase Bank*, 2016 WL 1676482, at *2 (D. Mass. Apr. 26, 2016).

This argument is meritless. The law draws a distinction between holding a speaker liable for the content of her speech, on the one hand, and using that speech as evidence of her misconduct, on the other. The litigation privilege applies in the former context, but not the latter. *See Capital Allocation Partners v. Michaud*, 2012 WL 1948596, at *2 (Mass. App. Ct. May 31, 2012). To give an illustration, the most common application of the privilege is to bar defamation actions brought against a speaker based on her statements in the course of a lawsuit for fear of undermining the truth-seeking function of the judicial process. *See, e.g.*, *Correllas*, 410 Mass. at 319-324; *Sriberg*, 370 Mass. at 108-109; *Visnick v. Caulfield*, 73 Mass. App. Ct. 809, 811-813 (2009); *Fisher*, 69 Mass. App. Ct. at 167-170. Other causes of action that might impede the participation of litigants, counsel, or witnesses in the judicial process are also barred insofar as they rest on the content of a speaker's statements. For example, in *Doe v. Nutter, McClennen & Fish*, 41 Mass. App. Ct. 137 (1996), the Massachusetts Appeals Court rejected the plaintiff's argument that a law firm's threat to sue in response to a Chapter 93A demand letter that she sent to a client of the firm gave rise to claims of invasion of privacy, intentional infliction of emotional distress, and violations of the Massachusetts Civil Rights Act. *Id.* at 138, 140-141.

By contrast, 58 Swansea's supplemental claims and allegations neither target the speaker (counsel who sent the letters) nor are they based on the potentially defamatory content of the letters themselves. Instead, the Complaint cites the notices of default as evidence of Gator Swansea's alleged bad faith in its dealings over the lease. Where a party uses legal mechanisms, such as letters from counsel, to terminate a contract in bad faith or to extract concessions from a plaintiff in arguable violation of Chapter 93A, the litigation privilege does not shield it from liability. *See Capital Allocation Partners*, 2012 WL 1948596, at *1-2. Moreover, the letter regarding the sign panel is evidence of the dispute that exists between the parties over interpretation of the terms of the lease. To suggest that no claims could ever arise from such a letter would lead to the absurd result that notices of default would never be admissible in litigation over a lease if they were sent prior to a "contemplated" lawsuit — as virtually all such notices are.

## ORDER

For the foregoing reasons, defendant's motion to dismiss is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE