UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13538-RGS

58 SWANSEA MALL DRIVE, LLC

v.

GATOR SWANSEA PROPERTY, LLC

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO COMPEL

November 7, 2016

STEARNS, D.J.

Plaintiff 58 Swansea Mall Drive, LLC claims attorney-client privilege and work product protection for a subset of emails produced by Lockton Insurance Co. Under the lease agreement between 58 Swansea and defendant Gator Swansea Property, LLC, 58 Swansea had certain obligations to maintain insurance on the property at issue in this case. It procured those policies through Lockton. All of the emails at issue involve discussions between various permutations of 58 Swansea staff, its counsel, and staff at Lockton regarding the policies. 58 Swansea bears the burden of establishing both protections. *Am.'s Growth Capital, LLC v. PFIP, LLC*, 2014 WL 1207128, at *2 (D. Mass. Mar. 24, 2014). The court has reviewed the disputed emails *in camera*.

Any attorney-client privilege in the emails was waived by their disclosure to Lockton. Although in some circumstances disclosure to a non-lawyer does not waive the privilege if the third party's "role is to clarify or facilitate communications between attorney and client," *Comm'r of Rev. v. Comcast Corp.*, 453 Mass. 293, 308 (2009), that exception is "sharply limited in scope" and applies only where "what the client says would be 'Greek' to the attorney, either because the client is actually speaking in Greek or because the information provided by the client is so technical in nature that it might as well be spoken in Greek if there were not an expert to interpret it for the attorney," *DaRosa v. City of New Bedford*, 471 Mass. 446, 463 (2015). Interpretation of the terms of a lease and insurance policy — a bread and butter task for experienced counsel — does not require the intercession of a third party.

The work product doctrine does, however, apply to some of the communications in this case. Under that doctrine, materials are shielded from disclosure if they "are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's . . . insurer . . . )." Fed. R. Civ. P. 26(b)(3)(A). Many of the emails at issue here record discussions after the institution of suit on October 2, 2015, and relate directly to efforts by 58 Swansea and its counsel to prepare for and conduct

the ongoing litigation. As a result, they are protected from disclosure. *United States v. Textron Inc.*, 577 F.3d 21, 30-31 (1st Cir. 2009) (en banc) ("The privilege aimed centrally at protecting the *litigation process*, specifically, work done by counsel to help him or her in *litigating* a case.").

Gator Swansea has also failed to establish a "substantial need" for these materials or that it cannot "obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). The emails all relate to the insurance issue and the scope of coverage — matters easily determined by reference to the lease and the policies in existence at the time, all of which are unquestionably obtainable in discovery.

Some of the emails, however, fall outside the scope of work product protection, either because they are "corporate documents or other materials prepared in the ordinary course of business," *Textron*, 577 F.3d at 31, or they contain only facts and therefore are not spared from disclosure, *see In re Grand Jury Subpoena*, 220 F.R.D. 130, 141 (D. Mass. 2004). These emails, identified in the appendix attached to this order, must be disclosed.

ORDER

For the foregoing reasons, Gator Swansea's motion to compel is <u>GRANTED IN PART</u> and <u>DENIED IN PART</u>.  58 Swansea is ordered to produce in full the documents highlighted in the attached appendix within five (5) business days of the date of this order.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE