UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13538-RGS

58 SWANSEA MALL DRIVE, LLC

v.

GATOR SWANSEA PROPERTY, LLC

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION UNDER *DAUBERT*
TO PRECLUDE TESTIMONY OF MARK TYBURSKI

September 20, 2017

STEARNS, D.J.

Plaintiff 58 Swansea Mall Drive, LLC (Swansea), seeks to preclude the testimony of Mark Tyburski, defendant Gator Swansea Property LLC's (Gator) proposed rebuttal witness on damages, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[1] The court will deny the motion.

---

[1] Although a footnote (n.8 at 509 U.S. 590) had led many courts and commentators to conclude that the Supreme Court had intended *Daubert's* "gatekeeper" provision to apply only to expert opinion based on novel scientific theory and hypothesis and not to opinions based on experience, training, empirical observation, or technical expertise, the Court subsequently made it clear that *Daubert* applies to expert testimony generally. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) ("We conclude that *Daubert's* general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on

While Swansea raises a number of potential concerns regarding Tyburski's credibility, "[a] trial setting normally will provide the best operating environment for the triage *Daubert* demands," *Cortes-Irizarry v. Corporacion Insular de Seguros*, 111 F.3d 184, 188 (1st Cir. 1997). "[C]ourts must be cautious — except when defects are obvious on the face of a proffer — not to exclude debatable scientific evidence without affording the proponent of the evidence adequate opportunity to defend its admissibility." *Id.* This cautious approach is even more warranted in a bench trial. *See, e.g., In Re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011) (noting that "[t]he main purpose of *Daubert* exclusion is to protect juries from being swayed by dubious scientific testimony," and that a "less stringent application of *Daubert* in bench trials" is appropriate); *United States v. Brown*, 415 F.3d 1257, 1268 (11th Cir. 2005) (suggesting that *Daubert* has a relaxed application to bench trials "where the judge is serving as factfinder and we are not concerned about 'dumping a barrage of questionable scientific evidence on a jury'") (internal citation omitted).

The court, at trial, will of course "make certain that [the] expert, whether basing testimony upon professional studies or personal experience,

---

'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge.")

employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

ORDER

For the foregoing reasons, 58 Swansea's motion to preclude Tyburski's testimony (Dkt #169) is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE