UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13538-RGS

58 SWANSEA MALL DRIVE, LLC

v.

GATOR SWANSEA PROPERTY, LLC

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO RULE 59(e)

February 25, 2019

STEARNS, D.J.

Defendant Gator Swansea Property, LLC (Gator) moves, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the court's decision and judgment of December 12, 2018, entered after a jury-waived trial. Specifically, Gator asks the court to amend Paragraph 14 of its Ultimate Rulings of Fact and law by revising its reading of Article 13 of the disputed Ground Lease and to award Gator the attorneys' fees and costs that it incurred in the underlying litigation. Article 13 states in relevant part: "If Landlord or Tenant shall incur any expense, including reasonable attorney's fees, in instituting, prosecuting, or defending any action or proceedings instituted by reason of default by the other, the defaulting party shall reimburse the other for the amount of such expenses."

Gator's revisionist argument is based on a technical reading of the Ground Lease that gives the word "default," as it is used in Article 13, a strict and unconditional meaning. More particularly, Gator would have the court hold that the "notice and cure" provisions set out in Article 12 do not apply to Article 13. Under Gator's new reading, Article 13 should be understood as a pure fee-shifting mechanism triggered by any default, however consequential. To pose the question is to give the answer. As 58 Swansea correctly observes, over the prolonged course of this litigation, which has involved numerous motions, many of a substantive nature, as well as multiple days of trial, Gator has never raised either of these arguments.[1]

It is hornbook law, that "Rule 59(e) relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.' . . . A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment . . . ." *Biltcliffe v. Citimortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014). Rule 59(e) motions, in other words, "are aimed at reconsideration,

---

[1] Although it is true, as Gator states in its proposed reply brief, that it has previously asserted an entitlement to fees and costs, a perfunctory prayer for relief is not a developed interpretative argument of the kind that Gator seeks now to advance.

2

not initial consideration." *F.D.I.C. v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992).[2]

There is one respect, however, in which Gator is correct. As the prevailing party, however barely, it is entitled to its reasonable costs pursuant to 28 U.S.C. § 1920.

ORDER

For the foregoing reasons, defendant Gator's motion to alter or amend the judgement is <u>DENIED</u>. Gator will have fourteen (14) from the date of this Order to file a proposed Bill of Costs.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[2] Even were I to overlook the improper invocation of Rule 59(e) and proceed to the merits of the dispute, I would agree with 58 Swansea's reading of Article 12 as set out in its brief beginning at page 6. To interpret Article 13 as Gator now reads it would transform the Ground Lease into an adhesion contract that no commercially rational tenant of even modest bargaining power would ever agree to.