UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13538-RGS

58 SWANSEA MALL DRIVE, LLC

v.

GATOR SWANSEA PROPERTY LLC

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION FOR COSTS

March 11, 2019

STEARNS, D.J.

In its Order of February 25, 2019, the court directed Gator Swansea to 28 U.S.C. § 1920 and invited it as the (barely) prevailing party to submit a proposed bill of costs. An award of costs, as the statute makes clear, is discretionary with the court.[1] *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987) *(*"Section 1920 enumerates expenses that

---

[1] "Congress has enumerated the type of expenses that a federal court '*may* tax as costs.' 28 U.S.C. § 1920 (emphasis added). Rule 54(d) works in tandem with the statute. It provides, with exceptions not pertinent here, that 'costs shall be allowed as of course to the prevailing party unless the court otherwise directs.' Fed. R. Civ. P. 54(d). The combined effect of the statute and rule is to cabin district court discretion in two ways. . . . [T]he discretion that Rule 54(d) portends is solely a negative discretion, 'a power to decline to tax, as costs, the items enumerated in § 1920.'" *In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 962 (1st Cir. 1993) (internal citations omitted).

a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.). The gravamen of an award, as the court emphasized in its Order, is that they be reasonable in scope and confined to the costs allowed by the statute. Costs are not a backdoor means of recouping attorneys' fees or the money judgment that a party failed to win at trial.

The proposed bill submitted by Gator, amounting to $208,060.20, with 273 pages of supporting exhibits, which seeks to recover such things as the costs of attorneys' research time, attorney and party travel, expert witness fees, and the costs of extravagant restaurant meals, is the epitome of what is not reasonable. *See Id.* at 963 ("Beyond the presumption favoring cost recovery for prevailing parties, there is also fairly general agreement that a district court may not exercise its discretion to disallow a prevailing party's bill of costs in whole or in part without articulating reasons."). As the court has previously ruled on a similar occasion, a reasonable award for an unreasonable request is nothing. So too here, the court declines to make any award of costs.[2]

---

[2] While there may well be some compensable costs buried in the recesses of the cornucopia of exhibits submitted by Gator, it does not fall to

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

the court to winnow the wheat from the chaff, a task that Gator's lawyers were (appropriately) expected to perform.